Walter A. HOFFMAN, Jr., Trustee in Bankruptcy for Caudle-Barger Corporation, et al., Bankrupts, Appellants,

v.

FIRST NATIONAL BANK OF POMPANO BEACH, FLORIDA, Appellee.

No. 24963.

United States Court of Appeals Fifth Circuit.

March 26, 1968.

John L. Britton, Miami, Fla., for appellants.

Marshall G. Curran, Jr., Fort Lauderdale, Fla., for appellee.

Before BROWN, Chief Judge, CLAYTON, Circuit Judge, and SCOTT, District Judge.

CLAYTON, Circuit Judge:

On April 18, 1965, Caudle-Barger Corporation, the bankrupt here, executed a second mortgage to the appellee, First National Bank of Pompano Beach, Florida, to secure an antecedent debt. Within four months thereafter, this corporation was adjudicated a bankrupt. On June 20, 1966, after a hearing on the merits, the referee found that this mortgage was given as security while the bankrupt was insolvent and that, therefore, a voidable preference had been created under Section 60(a) of the Bankruptcy Act [11 U.S.C.A. § 96(a) (1)].[1] In accordance with this finding, the mortgage was declared to be void.

The district court on review found that the evidence presented to the referee was insufficient to support a finding that the appellee bank had reasonable cause

1. This Act in its relevant part provides:
A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

to believe that the debtor was insolvent at the time the aforementioned mortgage was executed and that, thus, the security in question did not create a voidable preference.

Before the date upon which this mortgage was taken, the debtor had renewed an unsecured note payable to the bank on several occasions; however, the indebtedness which was evidenced by these notes had been reduced by $24,000 within about twelve months preceding the date of the mortgage. But, at the then current due date of the last of such notes, the bank asked for and obtained the security in question, since it was "concerned" about this debtor's delinquency. This was in accordance with general banking practice. No new financial statement was then given to the bank. There was also testimony, by one who identified himself as an "officer" of the company, that at the critical date this debtor's liabilities exceeded its assets. However, there was no showing that the bank knew that such was then the condition (if in fact it was) of this corporation. The bank did know of temporary failure by the debtor to discharge an *undisclosed* quantity of its obligations. It also appears that Caudle-Barger on occasions had overdrawn its corporate checking account which it maintained with the bank.

After a careful review of the record, we are unable to say that the district court was clearly erroneous in its finding with respect to Section 60(a) of the Bankruptcy Act. Rule 52, Federal Rules of Civil Procedure. Thus, we affirm as to this aspect of the case. But, this does not end the matter, since Section 70(e)[2] of the Act must also be dealt with. It brings Florida law into the picture. Thus, F.S. § 608.55, F.S.A.[3] must be considered.

Upon de novo[4] consideration of this question, the district court found the mortgage to be valid under Florida law. Although we have the power to do so, we cannot with assurance deal with this issue here on the sparse record made before the referee. This is especially so since, on the record now here, we have serious doubts about applicability of the rule announced in Venice East, Inc. v. Manno, 186 So.2d 71 (Fla.App.1966), upon which the district court relied.

In these circumstances, the interests of justice require that this cause be remanded for such further proceedings as may be appropriate[5]—in district court, or before the referee, as the district court may decide—for a determination of the single question of the effect, if any, of the aforementioned Florida statute on the security transaction which is in question here. Ribaudo v. Citizens National Bank of Orlando, 261 F.2d 929 (5 Cir. 1958); Cf. Porterfield v. Gerstel, 222 F.2d 137 (5 Cir. 1955); M. M. Landy

2. Section 70(e) of the Act [11 U.S.C.A. § 110(e) (1)] reads as follows:
   A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

3. The relevant portion of this statute reads:
   No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation *is insolvent* or its *insolvency is imminent*, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. (Emphasis added.)

4. Apparently, the referee did not consider this aspect of the case.

5. This properly should include the taking of additional evidence. Development of all relevant facts may demonstrate that the district court's disposition was correct or may form the basis for a different result there, or here if another appeal ensues.

Inc. v. Nicholas, 221 F.2d 923 (5 Cir. 1955).

We make no intimation about what disposition should be made.

Affirmed in part. Reversed and remanded in part for further proceedings not inconsistent herewith.